## SUPREME COURT.

ABRAHAM W. TOLL, assignee, &c., agt. JAMES THOMAS.

SAME agt. ROBERT BARNARD.

SAME agt. SILAS BROWN.

*After* the time, provided by § 332 of the Code, for bringing an *appeal* from the special to the general term has elapsed, the *court*—but not a judge at chambers—may, in its discretion, grant leave to the party, under § 174, to bring the appeal. (*Approving the decision in the case of Haase* agt. *New-York Central Railroad Co.,* 14 *How.* 430;—*other decisions examined.*)

*Albany Special Term, December,* 1857.

MOTION for leave to appeal.

These actions were tried together before a referee. They involved the same legal questions. In each action the referee reported in favor of the plaintiff. Judgment was perfected, and written notice thereof was served on the defendant's attorneys on the 5th of October, 1857. The service was made by mail. On the first day of December, a notice of appeal in the *second* and *third* causes above entitled was duly served, but, through the misapprehension of the defendant's attorney, who had recently been substituted in the place of the attorney who had conducted the defence of the actions previously, no notice of appeal was served in the *first* above entitled cause, until the 7th of December, which was after the time allowed for appealing had expired. The plaintiff's attorney returned the notice.

The defendant in the last-mentioned action moved for leave to appeal, and the defendants in all the actions moved that proceedings in *two* of the actions be stayed until the decision of the general term in the *third* action.

JOHN K. PORTER, *for plaintiff.*

PLATT POTTER, *for defendants.*

Toll agt. Thomas.

HARRIS, Justice. The decision of this motion involves the question, whether, after the time allowed by the 332d section of the Code has elapsed, it is in the power of the court still to grant to a party leave to appeal. Upon this question a diversity of opinion has existed.

Upon this point I concur in the views expressed by Mr. Justice MARVIN, in *Huase* agt. *The New-York Central Railroad Co.* (14 *How.* 430).

By the 405th section of the Code, a judge at chambers may enlarge the time within which a proceeding in an action may be had, but the time for appealing is expressly excepted from this power. It is observable, too, that the power of the judge at chambers can only be exercised before the time allowed for taking the proceeding has expired. He can only *enlarge* time. He has no authority, in any case, to allow a proceeding to be had, after the time prescribed for such proceeding has expired. But there is no such restriction upon the court. The 174th section of the Code declares, that *the court* may allow an answer or reply to be put in, or *any other act* to be done, after the time limited for that purpose has expired. This power is general. No form of words could make it more so. Had it been intended to withhold from the court, as it had been withheld from a judge at chambers, the power to grant or enlarge time to appeal, it is reasonable to suppose that the same exception would have been found in section 174 that was inserted in section 405. The absence of any such restriction is very strong evidence that the legislature did not intend that it should be imposed.

In coming to this conclusion, I have not overlooked the case of *Enos* agt. *Thomas* (5 *How.* 361); nor the fact that it *purports* to be a general term decision. The case itself was properly decided, but the circumstances under which the opinion, as it now appears, came to be published, are such that I do not feel bound by its authority. It may have had the assent of its *ostensible* author, but, as I am informed, it was not submitted to the other judges who took part in the decision.

In *Sherman* agt. *Wells* (14 *Howard*, 522), it is said that the court has no power to extend the time within which the party may appeal. But it is evident, from the report of the case, that the question was not considered, nor, in the view taken by the court of the question before it, was it necessary that it should be determined.

The affidavits upon which this motion is founded present a case which calls upon the court still to allow the defendant to appeal, if it has the power, and being satisfied that such power is conferred upon the court by the 174th section of the Code, this branch of the motion should be granted.

I am also of opinion that, upon perfecting the appeals in all the cases, and giving security as required by the 348th section of the Code, all further proceedings in *two* of the actions should be stayed until the decision of the court upon the appeal in the *third* action. The defendants in the other two actions should be required to stipulate to be bound by the decision so to be made. The plaintiff should also be allowed to elect which of the three actions shall be argued upon the appeal. The plaintiff is also entitled to the costs of this motion.